UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| Viral DRM, LLC, | : |
| Plaintiff, | : Civil Action No: |
| v. | : |
| | : JURY TRIAL DEMAND |
| Maxie Price Chevrolet, Inc, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff Viral DRM, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Maxie Price Chevrolet, Inc ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein owns the rights to these videos which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account on Facebook named as "@maxiepricechevrolet" (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and displayed Plaintiff's Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

1

## PARTIES

5. Plaintiff Viral DRM, LLC is a Mississippi limited liability company with a principal place of business in Hinds County, Mississippi.

6. Upon information and belief, defendant Maxie Price Chevrolet, Inc, is a Georgia corporation with a principal place of business at 3600 Atlanta Highway, Loganville in Walton County, Georgia.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Maxie Price Chevrolet, Inc because it maintains its principal place of business in Georgia.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Maxie Price Chevrolet, Inc does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff is the legal and rightful owner of videos which Plaintiff licenses to online and print publications.

11. Plaintiff's videos are original, creative works in which Plaintiff's own protectable copyright interests.

12. Maxie Price Chevrolet, Inc is the registered owner of the Account and

is responsible for its content.

13.  Maxie Price Chevrolet, Inc is the operator of the Account and is responsible for its content.

14.  The Account is a key component of Defendant's popular and lucrative commercial enterprise.

15.  The Account is monetized in that it promotes traffic to Defendant's physical automobile dealership and, upon information and belief, Defendant profits from these activities.

16.  On March 21, 2022, Ronald Emfinger authored a video of a tornado hitting a red pickup truck (the "*Video*"). A copy of a screengrab of the Video is attached hereto as Exhibit 1.

17.  Plaintiff subsequently obtained rights to the Video by way of written agreement.

18.  Plaintiff applied to the USCO to register the Video on or about April 22, 2022, under Application No. 1-11334314411.

19.  The Video was registered by the USCO on April 22, 2022, under Registration No. PA 2-354-516.

20.  On April 18, 2022, Plaintiff first observed the Video on the Account in a post dated March 23, 2022. A copy of the screengrab of the Account including a still image from the Video is attached hereto as Exhibit 2.

21. The Video was displayed at URL: https://www.facebook.com/watch/?v=356963233012368.

22. Upon information and belief, the Videos were posted as advertisements for Defendant's dealerships to drive traffic and interest to Defendant's business.

23. Defendant captioned the Video "Still debating on getting a #chevy #silverado? The tornado would like to have a word #likearock"

24. Defendant's business sells Chevrolet vehicles and "Like a Rock!" is a tag line for Chevrolet commercials.

25. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Video as is set forth in Exhibit "1" on the Account.

26. Upon information and belief, the Video was copied, stored and displayed without license or permission, thereby infringing upon Plaintiff's copyrights (hereinafter the "*Infringement*").

27. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

28. The Infringement is an exact copy of the entirety of Plaintiff's original

video that was directly copied and stored by Defendant on the Account.

29. Upon information and belief, Defendant takes an active and pervasive role in the content posted on the Account, including, but not limited to copying, posting, selecting, commenting on, and/or displaying videos including but not limited to Plaintiff's Video.

30. Upon information and belief, the Video was willfully and volitionally posted to the Account by Defendant.

31. Upon information and belief, Defendant is a sophisticated automobile dealership which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

32. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific practices including the need to ensure that images used in their post, articles and advertisements have been properly licensed.

33. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

34. Upon information and belief, Defendant's internal policies, if any, are

either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

35. Upon information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

36. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

37. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

38. Upon information and belief, Defendant monitors the content on its Account.

39. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

40. Upon information and belief, the Infringement increased traffic to the Account and, in turn, caused Defendant to realize an increase in its automobile business revenues.

41. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Account.

42. Upon information and belief, Defendant at all times had the ability to

stop the reproduction and display of Plaintiff's copyrighted material.

43. In creating the Video, the author personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the images.

44. Plaintiff acquired the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

45. Defendant's use of the Video harmed the actual market for Plaintiff's Video.

46. Defendant's usage of the Video, if widespread, would cause additional harm Plaintiff's potential market for the Video.

47. On February 6, 2023, Plaintiff, via counsel, served a letter and draft copy of the complaint seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

48. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

49. Further, despite Plaintiff's notification to Defendant, Defendant continues to infringe on Plaintiff's work thereby establishing the willful nature of its conduct

50. As a result of Defendant's misconduct, Plaintiff has been substantially

harmed.

# FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

51. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

52. The Video is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

53. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

54. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

55. Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

56. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized,

and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing post on the Account.

57. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

58. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

59. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

60. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon

Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e. for pre judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: April 15, 2025

                                **SANDERS LAW GROUP**

                                By:   */s/ Eugenia Ferrero*
                                Eugenia Ferrero, Esq.
                                333 Earle Ovington Blvd, Suite 402
                                Uniondale, NY 11553
                                Tel: (516) 203-7600
                                Email: eferrero@sanderslaw.group
                                File No.: 126125

                                *Attorneys for Plaintiff*